UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JAN CHRISTIAAN KNIBBE,                     Case No. DK 10-14592
                                           Chapter 7
          Debtor.                          Hon. Scott W. Dales

_____/

<u>MEMORANDUM OF OPINION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

By order entered June 1, 2011, the court denied the letter-request by debtor Jan Christiaan Knibbe to dismiss his chapter 7 bankruptcy case under 11 U.S.C. § 707(a). Shortly before the court entered that order but after the court orally announced its decision on the record, Mr. Knibbe submitted another letter reiterating his request for dismissal. The court will treat Mr. Knibbe's most recent letter as a motion for reconsideration.

The court has determined that it can dispose of this latest request without imposing the additional expense upon the estate and the United States Trustee that result from further hearings. *See* Fed. R. Bankr. P. 1001.

In his recent letter (DN 32), Mr. Knibbe argues that the continuation of the bankruptcy case violates his legal rights and suggests that he did not adequately hear the proceedings held on May 10, 2011, which resulted in the court's denial of his first request to dismiss his case. As explained below, after considering Mr. Knibbe's letter, the court adheres to its prior decision.

A party seeking reconsideration must generally establish a clear error of law, newly discovered evidence, an intervening change in controlling law, or the need to prevent manifest injustice. *In re Solomon*, 436 B.R. 451, 453 (Bankr. W.D. Mich. 2010); *In re Ying Ly*, 350 B.R. 757 (Bankr. W.D. Mich. 2006). Mr. Knibbe's letter-request fails to establish any of these grounds in support of reconsideration.[1]

The court reached its prior decision to deny the dismissal request because (1) the United States Trustee intends to review supposed irregularities involving maritime liens on certain real estate included within Mr. Knibbe's bankruptcy estate; and (2) the panel trustee believes there may be substantial property available for distribution to creditors. Nothing in the recent letter-motion changes the court's conclusions in this regard.

The fact that Mr. Knibbe "no longer consent[s] to, or accept[s] the court[']s authority" is irrelevant.  The court obtained jurisdiction when Mr. Knibbe *voluntarily* filed his petition, and upon that filing, the court's protection extended to Mr. Knibbe's creditors as well. Consequently, Mr. Knibbe has no right to dismiss his chapter 7 petition, especially where he has not established "cause" for such relief and where dismissal would jeopardize the rights of his creditors. *In re Cohara*,  324 B.R. 24, 27 (6th Cir. BAP 2005).

As for Mr. Knibbe's suggestion that his hardness of hearing impaired his rights, the court has reviewed the transcript of the May 10, 2011 proceedings and finds no support in the record on this point, either.  First, the court permitted Mr. Knibbe's fellow church-member to provide non-legal support by appearing with him at counsel table.

---

[1] The standard for reconsideration is generally the same under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9014(c) and 7054 (incorporating Fed. R. Civ. P. 54), regardless of whether the order at issue is interlocutory or final.  *Compare Rodriguez v. Tennessee Laborers' Health & Welfare Fund*, 89 Fed. Appx. 949 (6th Cir. 2004) (standard for reconsideration of interlocutory order) *with In re Solomon*, 436 B.R. at 453 (applying same standard to final decision).

**Page 2 of 3**

Second, although Mr. Knibbe suggests in his recent letter that he only heard the court's comments (not the comments of counsel), the transcript refutes the suggestion. For example, after the chapter 7 trustee referred to possible "collusion" between Mr. Knibbe and a supposed maritime lienor, Mr. Knibbe immediately objected "to the accusation of the trustee that there is collusion about the maritime lien." *See* Transcript of May 10, 2011 hearing, at p. 8, lines 6-8. The record confirms that Mr. Knibbe had a fair *hearing* in both senses of that word.

Faced with the prospect of relinquishing his real estate to the chapter 7 trustee, it appears that Mr. Knibbe now regrets his decision to invoke bankruptcy court protection in the first place. The difficulty with his position, however, is that regret is not "cause" to dismiss under 11 U.S.C. § 707(a).

For the foregoing reasons, the case shall remain pending.


NOW, THEREFORE, IT IS HEREBY ORDERED that the letter from Mr. Knibbe (DN 32), which the court regards as a motion for reconsideration, is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Jan Christiaan Knibbe, *pro se* debtor, Stephen L. Langeland, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: June 03, 2011**