UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

JAN CHRISTIAAN KNIBBE,                           Case No. DK 10-14592
                                                 Chapter 7
          Debtor.                                Hon. Scott W. Dales

_____/

MEMORANDUM ORDER DENYING
DEBTOR'S MOTION TO TAKE JUDICIAL NOTICE

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

Again without benefit of counsel, Chapter 7 Debtor Jan Christiaan Knibbe (the "Debtor") filed a motion that is confusing and difficult to understand. *See* Motion to Take Judicial Notice (the "Motion," DN 93 and 94).[1] It appears from the documents attached to the Motion that the Debtor is attempting to have the court take judicial notice that a third-party, James Napier, has fully paid the Debtor's home mortgage lender (Chase) and his principal unsecured creditor (Capital One). For the following reasons, the court will deny the Motion, without putting the estate to the expense of responding to it.

First, because the act of taking judicial notice under Fed. R. Evid. 201 is an evidentiary exercise, the Debtor's request is premature and the purpose, unclear. The only evidentiary hearing in prospect is one now scheduled to take place on January 9, 2013 to consider the Trustee's motion to remove the Debtor from the residential real

_____

[1] The Debtor bench-filed one copy of the Motion during a hearing on October 24, 2012 in Kalamazoo, Michigan (DN 94), and filed another copy over the counter in Grand Rapids the next day (DN 93). The court will treat the two as one.

estate commonly known as 3035 Harbor Road, Douglas, Michigan.  To the extent the Debtor regards Mr. Napier's purported payment, and not just his mere tender, as relevant to that hearing, he may certainly seek to establish it at that time.  It does not, however, make sense to take judicial notice in a vacuum, divorced from the context of an evidentiary hearing.

Second, whether Mr. Napier actually made any payments to Chase and Capital One, or whether the lenders accepted the payments, could be subject to "reasonable dispute," and is neither (1) "generally known" within our District nor (2) susceptible to ready verification from "sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b).  Assuming relevance, the Debtor may offer documentary or testimonial evidence of payment at the January hearing, but the court cannot take judicial notice of any such payment under the rule he cites, given the nature of the facts at issue in the Motion.

The court continues to exhort the Debtor to retain legal counsel to assist him in exercising his rights in this proceeding because so much for him remains at stake.  Such counsel might dissuade him from advancing distracting and fruitless motions and arguments premised on farfetched notions of jurisdiction and sovereignty, such as the court has recently considered and rejected.  More to the point, counsel could assist the Debtor in asserting his exemption and other rights or taking meaningful steps to avoid losing his home.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DNs 93 and 94) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Jan Christiaan Knibbe, *pro se* Debtor; Stephen L. Langeland, Esq., Chapter 7 Trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 26, 2012**



Scott W. Dales
United States Bankruptcy Judge